32 N.J. Super. 210 (1954)
108 A.2d 110
FERDINANDO CATTANI AND THERESA CATTANI, HIS WIFE, PLAINTIFFS,
v.
ARTHUR M. KORSAN, SHADRACH JAMES AND FRANKLIN JAMES, PARTNERS, T/A JAMES & SON; JOS. H. HAINES & SONS, INC.; UNITED STATES OF AMERICA; HOWARD E. WILLS; LEON L. MEREFIELD; HOUCK ENGINEERING SERVICE CO.; CARLTON H. IRICK, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Considered September 13, 1954.
Decided September 17, 1954.
Before Judges EASTWOOD, GOLDMANN and SCHETTINO.
*211 Mr. William F. Tompkins, United States Attorney, attorney for United States of America (Mr. Charles H. Hoens, Jr., Assistant United States Attorney, of counsel).
Messrs. Dimon, Haines & Bunting, attorneys for defendant-respondent Jos. H. Haines & Sons, Inc. (Mr. Martin L. Haines, of counsel).
PER CURIAM.
The issue raised by this appeal is whether certain tax liens of the United States of America are entitled to priority over a judgment-creditor and materialmen who filed stop notices in and to the sum of $5,088 held by the plaintiffs-respondents and due under a construction contract to the defendant, Arthur M. Korsan.
The judgment of the Chancery Division, from which the appeal stems, was entered April 5, 1954. The United States filed its appeal on April 9, 1954. On May 14, 1954 the Supreme Court of New Jersey filed its opinion in the case of Bankers Title and Abstract Co. v. Ferber Co., 15 N.J. 433 (1954), wherein the issue posed by this appeal was determined adversely to the contention of the United States.
In the Ferber case, Mr. Justice Burling speaking for the Supreme Court, held that those materialmen who filed stop notices prior to distribution of general contract funds were entitled to priority over a tax lien of the United States, stating, inter alia:
"The conclusion necessarily follows that where the stop notice is filed and served upon the owner before the general contract funds are distributed by the owner, the remaining funds in the hands of the owner must be retained by him for the payment of the stop notice materialman or supplier of labor. Compare National Surety Corp. v. Barth, 11 N.J. 506, 511-515 (1953). This results in the conclusion that the contractor (or, in this case, the subcontractor Zaro) has no property right in so much of the fund in the hands of the owner as is necessary for payment of the claim of the one who filed the stop notice. His (Zaro's) property right under his contract is `inchoate.' Compare United States v. Security Trust & Sav., supra. Although the federal tax lien attaches to that `inchoate' right, it is not sufficient to enlarge it. The lien of the government can rise no *212 higher than the right of the contractor (in the present matter, Zaro). Cf. Robertson v. Huntley & Blazier Co., 351 Ill. App. 378, 115 N.E.2d 533, 535-537 (App. Ct. 1953).
We reiterate that Campbell and Platt were correctly adjudged to have priority of claim over the federal tax liens against Zaro under the circumstances of this case."
The parties to this appeal concede, and it is also our opinion, that the Supreme Court decision in the Ferber case is controlling here. A proposed order, consenting to the dismissal of the appeal with costs to the respondent, has been presented.
The order dismissing the appeal, with costs to the respondent, will be entered.